# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| Abby Holloway, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| Aerotek, Inc., and Fictitious Defendants 1-18, | ) |
| | ) |
|     Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendant Aerotek, Inc. ("Aerotek") hereby removes this action from the Circuit Court of Tuscaloosa County, Alabama to the United States District Court for the Northern District of Alabama, Western Division. In support of this Notice of Removal, Aerotek states the following:

## BACKGROUND AND PROCEDURAL HISTORY

1. On or about January 27, 2022, Plaintiff Abby Holloway ("Plaintiff") commenced this action against Aerotek in the Circuit Court of Tuscaloosa, Alabama (Case No. 63-CV-2022-900076.00).

2. By Service of Process dated February 4, 2022, Plaintiff served Aerotek with the Summons and Complaint, which are attached to this Notice of Removal. Exhibit A, Service of Process. Pursuant to 28 U.S.C. §1446(b), Aerotek has timely filed this Notice of Removal within 30 days of receiving service of Plaintiff's Complaint, the initial pleading setting forth the claim for relief and containing grounds for removal.

3. Plaintiff's Complaint consists of five counts: Count I (Negligence); Count II (Wantonness); Count III (Agency and Vicarious Liability); Count IV (Negligent / Wanton Hiring, Training, Supervision and Retention); and Count V (Negligent / Wanton Entrustment). Plaintiff's

claims are common law claims, based on a vehicular accident occurring on or about November 17, 2021.  Exhibit A, Complaint at ¶ 24.

## GROUNDS FOR REMOVAL

4. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332, and the action is removable pursuant to 28 U.S.C. § 1441 because: (a) there is complete diversity of the citizenship between Plaintiff and Aerotek; and (b) the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs although not specifically pleaded by Plaintiff.

5. Venue for this removal action is proper in the United States District Court for the Northern District of Alabama because the territorial jurisdiction of this Court includes the Circuit Court of Tuscaloosa County, Alabama in which Plaintiff filed her Complaint.  Removal to this Court is therefore proper under 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

6. As pleaded in her Complaint, Plaintiff is a resident of the state of Alabama.  Exhibit A, Complaint at ¶ 3.

7. Aerotek, the only named defendant in the Complaint, is a Maryland-based company that provides temporary staffing services to its clients, and is a corporation organized under the laws of the State of Maryland, with its principal place of business in Hanover, Maryland.  Consequently, Aerotek is a citizen of the State of Maryland for purposes of 28 U.S.C. § 1332.  Plaintiff acknowledges Aerotek's principal place of business is in Hanover, Maryland.  Exhibit A, Complaint at ¶ 2.

8. Plaintiff names eighteen (18) fictitious defendants in her Complaint.  "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a)" "the citizenship of defendants sued under fictitious names shall be disregarded."  28

U.S.C. § 1441; *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019) ("the district court rightly 'disregarded' the citizenship of the fictitiously named defendants when it assessed its jurisdiction 'at the time of removal.' . . . [W]hen assessing removal, the citizenship of fictitiously named defendants must be 'disregarded,' not discovered. . . . Our caselaw generally forbids fictitious-party pleading—that is, claims against fictitious or non-existent parties are usually dismissed.") (*citing Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010)).

9. None of the fictitious defendants have yet been identified or served. *See* Exhibit A; *Mask v. Chrysler Corp.*, 825 F. Supp. 285, 289 (N.D. Ala. 1993), *aff'd*, 29 F.3d 641 (11th Cir. 1994) ("Section 1441(b) unambiguously states that diversity actions 'shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action was brought.'") (*citing* 28 U.S.C. § 1441(b)(2)).

## AMOUNT IN CONTROVERSY

10. In her Complaint, Plaintiff does not articulate a dollar value of damages she seeks. However, Plaintiff alleges her action "exceeds the minimum jurisdictional limits" of the Circuit Courts of Alabama. Exhibit A, Complaints at ¶ 23. Under Alabama law, the minimum jurisdictional limits of the Circuit Courts are $20,000. ALA. CODE § 12-11-30.

11. For each of her Counts, Plaintiff claims her damages "include, but are not limited to, the following":

   a. injuries to various portions of her body (including but not limited to her back, neck, and hearing loss);

   b. past, present, and future pain, suffering, and mental anguish;

   c. permanent injuries, disfigurement, and damages;

   d. medical expenses for treatment from (1) doctors, (2) physicians, and (3) hospitals;

   e.  out-of-pocket expenses; and

   f.  reasonably-certain medical expenses.

Exhibit A, Complaint at Plaintiff's WHEREFORE clauses, pp. 7, 8, 9, 10.

  12.  As this Court recognized in *Jones v. Novartis Pharms. Co.,* it "defies logic and commons sense" that a litigant seeks less than $75,000 when they seek a combination of (1) medical treatments; (2) painful or ongoing treatment; (3) past, present and future suffering (physical or mental); (4) permanent injuries or disabilities; and (5) future medical bills "against a major corporation (and up to 30 fictional defendants)." 952 F. Supp. 2d 1277, 1284 (N.D. Ala. 2013); *see also Culpepper v. Stryker Corp.*, 968 F. Supp. 2d 1144, 1158 (M.D. Ala. 2013) ("Here, the Court is satisfied from the face of the Complaint that the amount in controversy has been met. Culpepper alleges she has undergone [multiple treatments] . . . . She claims that she has and will continue to suffer severe and possibly permanent injuries, emotional suffering and pain, loss of earnings, and medical expenses.")

  13.  Thus, the face of Plaintiff's Complaint establishes the amount in controversy exceeds $75,000, exclusive of interest and costs in the instant litigation. *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (holding "[i]t is less a prediction of 'how much the plaintiffs are ultimately likely to recover,' than it is an estimate of how much will be out at issue during the litigation . . . .")

  14.  While a Defendant *may* introduce independent evidence satisfying the amount in controversy for purposes of removal, there is no obligation to do so. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) ("Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable") (cleaned up).

15. Additionally, in the Eleventh Circuit, it is neither "conjecture or speculation" when a removing defendant makes reference to specific factual allegations establishing jurisdiction "and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

16. Although Plaintiff pleads no dollar amount of the damages she seeks, the record above demonstrates the amount in controversy here exceeds $75,000.

## **CONCLUSION**

17. There is complete diversity of citizenship between Plaintiff and Aerotek, Inc. Further, the amount in controversy in this action exceeds the $75,000 jurisdictional minimum requirement. This action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action over which this Court could have had original jurisdiction. No claim at issue in this case has been made non-removable by statute.

18. Aerotek has provided a copy of the state court file, which includes any and all process, pleadings, and orders served upon it, as Exhibit A, as required by 28 U.S.C. § 1446(a).

19. Aerotek will promptly provide Plaintiff with written notice of the filing of this Notice of Removal, and will promptly file a copy of this Notice, and exhibits thereto, with the Clerk of the Circuit Court of Tuscaloosa County, Alabama. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit B.

20. Aerotek reserves the right to amend or supplement this Notice of Removal.

21. Aerotek reserves any all defenses to the claims alleged by Plaintiff.

WHEREFORE, Aerotek hereby removes the State Court Action to this Court, so the Court may exercise jurisdiction over this case.

Dated:  Monday, March 7, 2022

                                          Respectfully submitted,

                                          /s/*Michael K. Alston*
                                          Michael K. Alston, #ASB-2037-A38M
                                          Adam S. Buddenbohn, #ASB-2816-P65O
                                          Husch Blackwell LLP
                                          736 Georgia Avenue, Suite 300
                                          Chattanooga, TN 37402
                                          Phone: 423.266.5500
                                          Fax: 800.795.7292
                                          michael.alston@huschblackwell.com

                                          **Attorneys for Defendant, Aerotek, Inc.**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this Monday, March 7, 2022, by operation of the Court's electronic filing system to all parties.

                                          /s/*Michael K. Alston*
                                          Attorney for Defendant, Aerotek, Inc.