FILED

2022 Mar-07  PM 04:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

**Just One Look** ™

Alabama's ON-DEMAND Public Access to Trial Court Records.

www.AlacourtAccess.com

## ALABAMA SJIS CASE DETAIL



**PREPARED FOR: EMILY CAMPBELL**

County:   **63**   Case Number:   **CV-2022-900076.00**   Court Action:

Style:   **ABBY HOLLOWAY V. AEROTEK, INC.**

`Real Time`

### Case

#### Case Information

| | | |
|---|---|---|
| County: **63-TUSCALOOSA** | Case Number: **CV-2022-900076.00** | Judge: **MBA:M. BRADLEY ALMOND** |
| Style: **ABBY HOLLOWAY V. AEROTEK, INC.** | | |
| Filed: **01/27/2022** | Case Status: **ACTIVE** | Case Type: **NEGLIGENCE MOTOR VEH** |
| Trial Type: **JURY** | Track: | Appellate Case: **0** |
| No of Plaintiffs: **1** | No of Defendants: **1** | |

#### Damages

| | | |
|---|---|---|
| Damage Amt: **0.00** | Punitive Damages: **0.00** | General Damages: **0.00** |
| No Damages: | Compensatory Damages: **0.00** | |
| Pay To: | Payment Frequency: | Cost Paid By: |

#### Court Action

| | | |
|---|---|---|
| Court Action Code: | Court Action Desc: | Court Action Date: |
| Num of Trial days: **0** | Num of Liens: **0** | Judgment For: |
| Dispositon Date of Appeal: | Disposition Judge: **:** | Disposition Type: |
| Revised Judgement Date: | Minstral: | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | |
| Date Trial Began but No Verdict (TBNV2): | | |

#### Comments

Comment 1:
Comment 2:

#### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | Disposition Type Of Appeal: | |

#### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subponeas: | Last Update: **01/27/2022** | Updated By: **AJA** |

### Parties

**Party 1 - Plaintiff INDIVIDUAL - HOLLOWAY ABBY**

## Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | C001-Plaintiff | Name: | HOLLOWAY ABBY | Type: | I-INDIVIDUAL |
| Index: | D AEROTEK, INC | Alt Name: | | Hardship: No | JID: MBA |
| Address 1: | C/O SARA L. WILLIAMS | | | Phone: (205) 983-8140 | |
| Address 2: | 3626 CLAIRMONT AVENUE | | | | |
| City: | BIRMINGHAM | State: | AL | Zip: 35222-0000 | Country: US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: |

## Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: $0.00 | Date Satisfied: | |
| Comment: | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

## Service Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Issued: | | Issued Type: | Reissue: | | Reissue Type: | |
| Return: | | Return Type: | Return: | | Return Type: | |
| Served: | | Service Type | Service On: | | Served By: | |
| Answer: | | Answer Type: | Notice of No Service: | | Notice of No Answer: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | WIL363 | | WILLIAMS SARA LEIGH | SWILLIAMS@ASILPC.COM | (205) 983-8140 |

### Party 2 - Defendant BUSINESS - AEROTEK, INC.

## Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | D001-Defendant | Name: | AEROTEK, INC. | Type: | B-BUSINESS |
| Index: | C HOLLOWAY ABB | Alt Name: | | Hardship: No | JID: MBA |
| Address 1: | C/O CSC | | | Phone: (205) 000-0000 | |
| Address 2: | 7 ST. PAUL ST., STE 820 | | | | |
| City: | BALTIMORE | State: | MD | Zip: 21202-0000 | Country: US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: |

## Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: $0.00 | Date Satisfied: | |
| Comment: | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

## Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | 01/27/2022 | Issued Type: C-CERTIFIED MAIL | Reissue: | Reissue Type: | |
| Return: | | Return Type: | Return: | Return Type: | |
| Served: | 02/14/2022 | Service Type C-CERTIFIED MAIL | Service On: | Served By: | |

Answer:          Answer Type:          Notice of No Service:          Notice of No Answer:

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|------------|-----------|----------|-------|-------|------------|-------------|---------|-------------|---------------|
| ACTIVE | N | AOCC | C001 | 000 | $8.56 | $8.56 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $19.55 | $19.55 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $334.00 | $334.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD | C001 | 000 | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $507.11 | $507.11 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|------------------|-------------|---------------------|-------------------|----------------|--------|------------|----------|------------|-----------|--------|----------|----------|
| 01/28/2022 | CREDIT | CONV | 2022085 | 2686570 | $19.55 | C001 | 000 | | N | | | SHH |
| 01/28/2022 | RECEIPT | AOCC | 2022085 | 2686560 | $8.56 | C001 | 000 | | N | | | SHH |
| 01/28/2022 | RECEIPT | CV05 | 2022085 | 2686580 | $334.00 | C001 | 000 | | N | | | SHH |
| 01/28/2022 | RECEIPT | JDMD | 2022085 | 2686590 | $100.00 | C001 | 000 | | N | | | SHH |
| 01/28/2022 | RECEIPT | VADM | 2022085 | 2686600 | $45.00 | C001 | 000 | | N | | | SHH |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|-------|------|------|----------|----------|
| 1/27/2022 | 10:48 AM | ECOMP | COMPLAINT E-FILED. | WIL363 |
| 1/27/2022 | 10:49 AM | FILE | FILED THIS DATE: 01/27/2022          (AV01) | AJA |
| 1/27/2022 | 10:49 AM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 1/27/2022 | 10:49 AM | ASSJ | ASSIGNED TO JUDGE: M. BRAD ALMOND          (AV01) | AJA |
| 1/27/2022 | 10:49 AM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 1/27/2022 | 10:49 AM | TDMJ | JURY TRIAL REQUESTED | AJA |
| 1/27/2022 | 10:49 AM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 1/27/2022 | 10:49 AM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 1/27/2022 | 10:49 AM | C001 | LISTED AS ATTORNEY FOR C001: WILLIAMS SARA LEIGH | AJA |
| 1/27/2022 | 10:49 AM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 1/27/2022 | 10:49 AM | C001 | C001 PARTY ADDED: HOLLOWAY ABBY          (AV02) | AJA |
| 1/27/2022 | 10:49 AM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 1/27/2022 | 10:49 AM | D001 | D001 PARTY ADDED: AEROTEK, INC.          (AV02) | AJA |
| 1/27/2022 | 10:49 AM | D001 | CERTIFIED MAI ISSUED: 01/27/2022 TO D001   (AV02) | AJA |
| 1/27/2022 | 10:49 AM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 1/27/2022 | 10:49 AM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 1/27/2022 | 10:49 AM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 1/27/2022 | 1:33 PM | ESCAN | SCAN - FILED 1/27/2022 - SUMMONS ISSUED | ALL |
| 2/15/2022 | 12:57 PM | D001 | SERVICE OF CERTIFIED MAI ON 02/14/2022 FOR D001 | ALL |

## *Images*

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 1/27/2022 10:48:58 AM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 1/27/2022 10:48:58 AM | 2 | COMPLAINT | | 11 |
| 1/27/2022 10:48:58 AM | 3 | INTERROGATORIES(R33) | Interrogatories to Defendant | 5 |
| 1/27/2022 10:49:28 AM | 4 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 1/27/2022 10:49:28 AM | 5 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 1 |
| 1/27/2022 1:33:02 PM | 6 | SUMMONS ISSUED | | 1 |
| 2/15/2022 12:57:31 PM | 7 | SERVICE RETURN | SERVICE RETURN | 2 |
| 2/15/2022 12:57:36 PM | 8 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |

 *END OF THE REPORT*

ELECTRONICALLY FILED
1/27/2022 10:48 AM
63-CV-2022-900076.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>63 |
|---|---|---|
| | | Date of Filing:<br>01/27/2022    Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### ABBY HOLLOWAY v. AEROTEK, INC.

**First Plaintiff:** ☐ Business   ☑ Individual    **First Defendant:** ☑ Business   ☐ Individual
☐ Government ☐ Other      ☐ Government ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☑ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL  - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX  - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE  - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT  - Account & Nonmortgage
☐ APAA  - Administrative Agency Appeal
☐ ADPA  - Administrative Procedure Act
☐ ANPS  - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
 Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT  - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT  - Contract/Ejectment/Writ of Seizure
☐ TOCN  - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
 Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ  - Foreign Judgment
☐ FORF  - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB  - Protection From Abuse
☐ EPFA  - Elder Protection From Abuse
☐ QTLB  - Quiet Title Land Bank
☐ FELA  - Railroad/Seaman (FELA)
☐ RPRO  - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP  - Workers' Compensation
☐ CVXX  - Miscellaneous Circuit Civil Case

---

**ORIGIN:   F** ☑ **INITIAL FILING**   **A** ☐ **APPEAL FROM**   **O** ☐ **OTHER**
 **DISTRICT COURT**

 **R** ☐ **REMANDED**   **T** ☐ **TRANSFERRED FROM**
 **OTHER CIRCUIT COURT**

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ **YES** ☐ **NO**   **Note:** Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**   ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

---

**ATTORNEY CODE:**
_____WIL363_____      ____1/27/2022 10:48:55 AM____      ____/s/ SARA LEIGH WILLIAMS____
   Date       Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**   ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☐ NO

ELECTRONICALLY FILED
1/27/2022 10:48 AM
63-CV-2022-900076.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | |
|---|---|
| **ABBY HOLLOWAY, an individual,** | ) |
| | ) **CIVIL ACTION NO:** |
| **Plaintiff,** | ) |
| | ) **Jury Trial Requested** |
| **v.** | ) |
| | ) |
| **AEROTEK, INC, a corporation, and** | ) |
| **FICTITIOUS DEFENDANTS:** No. 1, whether singular or plural, | ) |

**AEROTEK, INC, a corporation, and FICTITIOUS DEFENDANTS:** No. 1, whether singular or plural, the driver of the motor vehicle which collided with Plaintiff's vehicles and whose negligence caused the Plaintiff's injuries on the occasion made the basis of this suit; No. 2, whether singular or plural, the owner of the motor vehicle which collided with Plaintiff's vehicle on the occasion made the basis of this suit; No. 3, whether singular or plural, the person, firm or corporation who was responsible for the rental, sale, or lease of the motor vehicle which collided with Plaintiff's vehicle on the occasion made the basis of this suit; No. 4, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; No. 5, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 6, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; No. 7, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; No. 8, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 9, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with plaintiff's vehicle was performing some type of service or employment duty at the time of this collision; No. 10, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; No. 12, whether singular or plural, that entity or those

1

**entities who or which issued, or had a duty to issue, warnings or** )
**instructions regarding the use or operation of any of the vehicles** )
**involved in the occurrence made the basis of this lawsuit, any** )
**component part thereof, or any attendant equipment used or** )
**available for use therewith; No. 13, whether singular or plural,** )
**that entity or those entities who or which tested, inspected,** )
**approved, or issued any approval of any of the vehicles involved in** )
**the occurrence made the basis of this lawsuit, any component part** )
**thereof, or any attendant equipment used or available for use** )
**therewith; No. 14, whether singular or plural, that entity or those** )
**entities who or which had supervisory authority relating to the** )
**maintenance, operation, or to the selection, training and hiring of** )
**drivers of any of the vehicles involved in the occurrence made the** )
**basis of this lawsuit; No. 15, whether singular or plural, that entity** )
**or those entities who or which issued any policy of insurance which** )
**provided coverage for plaintiffs on the occasion made the basis of** )
**this lawsuit (including, but not limited to, uninsured motorist** )
**coverage); No. 16, whether singular or plural, that entity or those** )
**entities other than those entities described above whose breach of** )
**contract or warranty contributed to cause the occurrence made** )
**the basis of this lawsuit; No. 17, whether singular or plural, that** )
**entity or those entities other than those entities described above,** )
**which is the successor in interest of any of those entities described** )
**above; No. 18, whether singular or plural, that entity or those** )
**entities other than those entities described above, which was the** )
**predecessor corporation of any of the entities described above.** )
**Plaintiffs aver that the identities of the fictitious party defendants** )
**are otherwise unknown to Plaintiffs at this time, or if their names** )
**are known to Plaintiffs at this time, their identities as proper** )
**parties defendants are not known to Plaintiffs at this time, but** )
**their true names will be substituted by amendment when** )
**ascertained.** )

     **Defendants.** )

---

## COMPLAINT

---

    Plaintiff Abby Holloway, files the above-styled action and as a basis for the relief hereinafter

prayed for states as follows:

2

**PARTIES AND JURISDICTION**

1.      Plaintiff Abby Holloway (hereinafter referred to as "Plaintiff") is an adult resident of Jefferson County, Alabama.

2.      Upon information and belief, Defendant Aerotek, Inc. is a foreign corporation with its principal place of business in Hanover, Maryland.

3.      Upon information and belief Fictitious Defendant No. 1 was operating a vehicle in the line and scope of his employment with Defendant Aerotek, Inc. at the time of the events that give rise to this lawsuit.

4.      Fictitious Defendant No. 1, whether singular or plural, is the driver of the motor vehicle which collided with Plaintiff's motor vehicle and whose negligence caused Plaintiff's injuries on the occasion made the basis of this action.

5.      Fictitious Defendant No. 2, whether singular or plural, is the owner of the motor vehicle which collided with Plaintiff's motor vehicle on the occasion made the basis of this action.

6.      Fictitious Defendant No. 3, whether singular or plural, is that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the motor vehicle(s) involved in the occurrence made the basis of this action.

7.      Fictitious Defendant No. 4, whether singular or plural, is that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this action.

8.      Fictitious Defendant No. 5, whether singular or plural, is that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this action.

9.      Fictitious Defendant No. 6, whether singular or plural, is that entity or those entities who

3

or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this action.

10.     Fictitious Defendant No. 7, whether singular or plural, is that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiff's motor vehicle was performing some type of service or employment duty at the time of this collision.

11.     Fictitious Defendant No. 8, whether singular or plural, is that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this action to the driver(s) thereof at the time of said occurrence.

12.     Fictitious Defendant No. 9, whether singular or plural, is that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this action was being operated at the time of said occurrence.

13.     Fictitious Defendant No. 10, whether singular or plural, is that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this action.

14.     Fictitious Defendant No. 11, whether singular or plural, is that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this action.

15.     Fictitious Defendant No. 12, whether singular or plural, is that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this action.

16.     Fictitious Defendant No. 13, whether singular or plural, is that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff's injuries received

4

on the occasion made the basis of this action (including, but not limited to, uninsured/underinsured motorist coverage).

17.     Fictitious Defendant No. 14, whether singular or plural, is that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this action, for the driver of each respective motor vehicle or for any of the named Fictitious Party Defendants listed or described herein.

18.     Fictitious Defendant No. 15, whether singular or plural, is that entity or those entities who or which, concerning the occasion made the basis of this suit, was the principal of any of the named or above-described fictitious party defendants.

19.     Fictitious Defendant No. 16, whether singular or plural, is that entity or those entities, who or which is the successor-in-interest of any of the named parties or above-described fictitious party defendants.

20.     Fictitious Defendant No. 17, whether singular or plural, is that individual, entity, or those entities, whose negligence or wantonness combined and/or concurred with the negligence of other named Defendants or other Fictitious Defendants to result in Plaintiff's injuries.

21.     The identities of the Fictitious Defendants are those individuals, entities and/or corporations whose names/identities are otherwise unknown to Plaintiff, and whose true names/identities will be substituted by amendment when they are ascertained.

22.     The collision made the basis of this action occurred within the jurisdiction of this Court at the Mercedes Benz manufacturing plant located in Tuscaloosa County, Alabama.

23. The amount in controversy in this suit exceeds the minimum jurisdictional limits of this Court, exclusive of costs.

5

## STATEMENT OF FACTS

24.     On or about November 17, 2021 Plaintiff was transporting a vehicle to the Mercedes Benz manufacturing plant and in doing so was operating a vehicle on the plant's property.

25.     At the same time, Fictitious Defendant No. 1 was also operating a vehicle on the property of the Mercedes Benz manufacturing plant, in the line and scope of his employment with Defendant Aerotek, Inc.

26.     As Plaintiff was traveling lawfully traveling on the aforesaid property, Fictitious Defendant No. 1, who was traveling the wrong direction, failed to stop at a stop sign and struck the passenger side of the vehicle Plaintiff was operating.  The impact caused the airbags on the vehicle Plaintiff was operating to deploy.

## COUNT I- NEGLIGENCE

27.     Plaintiff restates each and every material allegation by reference as though fully set forth herein.

28.     At the time of the event made the basis of this action, Fictitious Defendant No. 1 owed Plaintiff the duty to exercise reasonable care not to injure or damage her as to her person or property and to exercise such reasonable care as a reasonably prudent person would have exercised under the same or similar circumstances.

29.     At the time of the event made the basis of this action, Fictitious Defendant No. 1 breached his duty to Plaintiff in that he negligently operated his motor vehicle as to cause a collision with the vehicle the Plaintiff was operating.

30.     As a direct and proximate result of Fictitious Defendant No. 1's negligent conduct, Plaintiff has been damaged and suffered physical, emotional, and economic damages as well as made to incur substantial medical bills and expenses.

31.    Plaintiff's damages include, but are not limited to, the following:

   a.  She suffered injuries to various portions of her body, including but not limited to her back, neck and hearing loss in her right ear;
   b.  She has experienced and continues to experience pain, suffering, and mental anguish;
   c.  She is reasonably certain to experience pain, sufferings, and mental anguish into the future;
   d.  She was permanently injured, disfigured and damaged;
   e.  She was caused to incur personal injury medical expenses for treatment from various doctors, physicians and hospitals, including out-of-pocket expenses;
   f.  She is reasonably certain to incur personal injury medical expenses in the future.

   WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendant Aerotek and Fictitious Defendant No. 1  (and other Fictitious Defendants), jointly and severally, for general damages, compensatory damages as a jury may assess, future medical costs and expenses, and the cost and expenses of this action, including attorney fees, as allowed by law.

## COUNT II- WANTONNESS

32.    Plaintiff restates each and every material allegation previously stated by reference as though fully set forth herein.

33.    At the time of the event made the basis of this action, Fictitious Defendant No. 1 owed Plaintiff the duty to exercise reasonable care not to injure or damage her as to her person or property and to exercise such reasonable care as a reasonably prudent person would have exercised under the same or similar circumstances.

34.    On the occasion(s) made the basis of this action, Fictitious Defendant No. 1 was operating his motor vehicle wantonly and in conscious disregard of the rights or safety of others, including Plaintiff.

35.     At the time of the event made the basis of this action, Fictitious Defendant No. 1 breached his duty to Plaintiff in that he consciously disregarded the rights and safety of others, including Plaintiff, and Fictitious Defendant No. 1 was aware that harm would likely or probably result.

36.     As a direct and proximate result of Defendant Crance's wanton conduct, Plaintiff has been damaged as stated in paragraph thirty-one (31).

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendant Aerotek and Fictitious Defendant No. 1  (and other Fictitious Defendants), jointly and severally, for general damages, compensatory damages as a jury may assess, future medical costs and expenses, and the cost and expenses of this action, including attorney fees, as allowed by law.

## COUNT III- AGENCY AND VICARIOUS LIABILITY

37.     Plaintiff restates each and every material allegation previously stated by reference as though fully set forth herein.

38.     At the time of the event made the basis of this action, Fictitious Defendant No. 1 was operating a motor vehicle in the line and scope of his employment with Defendant Aerotek, Inc. As such, Fictitious Defendant No. 1 was an agent and/or employee of Defendant Aerotek, Inc.

39.     Defendant Aerotek, Inc. was the master and/or principal of Fictitious Defendant No. 1 and is vicariously liable for his actions.

40.     As a direct and proximate result of Fictitious Defendant No. 1's negligent and/or wanton conduct, Plaintiff has been damaged and suffered physical, emotional, and economic damages.

41.     As a direct and proximate result of Defendants' negligent and wanton conduct, Plaintiff has been damaged as stated in paragraph thirty-one (31).

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendant Aerotek and Fictitious Defendant No. 1  (and other Fictitious Defendants), jointly and severally, for general damages, compensatory damages as a jury may assess, future medical costs and expenses, and the cost and expenses of this action, including attorney fees, as allowed by law.

## COUNT IV- NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND RETENTION

42.     Plaintiff restates each and every material allegation previously stated by reference as though fully set forth herein.

43.     At the time of the event made the basis of this action and for some time prior thereto, Defendant Aerotek, Inc. was responsible for the hiring, training, supervision, and retention of Fictitious Defendant No. 1.

44.     Defendant Aerotek, Inc. negligently and/or wantonly failed to hire, train, supervise, and retain Fictitious Defendant No. 1.

45.     As a direct and proximate result of this negligent and/or wanton conduct, Plaintiff has been damaged and made to suffer physical, emotional, and economic damages as well as made to incur substantial medical bills and expenses.

46.     As a direct and proximate result of Defendants' negligent and wanton conduct, Plaintiff has been damaged as stated in paragraph thirty-one (31).

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendant Aerotek and Fictitious Defendant No. 1  (and other Fictitious Defendants), jointly and severally, for general damages, compensatory damages as a jury may assess, future medical costs and expenses, and the cost and expenses of this action, including attorney fees, as allowed by law.

## COUNT V – NEGLIGENT/WANTON ENTRUSTMENT

47.    Plaintiff restates each and every material allegation previously stated by reference as though fully set forth herein.

48.    Defendant Aaron's negligently and/or wantonly entrusted the vehicle Fictitious Defendant No. 1 was operating to Fictitious Defendant No. 1.

49.    As a direct and proximate result of this negligent and/or wanton conduct, Plaintiff has been damaged and made to suffer physical, emotional, and economic damages.

50.    As a direct and proximate result of Defendants' negligent and wanton conduct, Plaintiff has been damaged as stated in paragraph thirty-one (31).

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendant Aerotek and Fictitious Defendant No. 1  (and other Fictitious Defendants), jointly and severally, for general damages, compensatory damages as a jury may assess, future medical costs and expenses, and the cost and expenses of this action, including attorney fees, as allowed by law.

Dated this 27th day of January 2022.


/s/ Sara L. Williams
Sara L. Williams (WIL363)
Attorney for Plaintiff

**SHUNNARAH INJURY LAWYERS, P.C.**
3626 Clairmont Avenue South
Birmingham, Alabama 35222
(205) 983-8140 • (205) 983-8440
swilliams@asilpc.com

10

## JURY DEMAND

**Plaintiff** hereby respectfully demands a trial by struck jury for all issues involved in this case.

*/s/ Sara L. Williams*
Sara L. Williams (WIL363)
Attorney for Plaintiff

## DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:

Aerotek, Inc.
c/o CSC
7 St. Paul Street, Ste. 820
Baltimore, MD 21202

Case 7:22-cv-00296-GMB   Document 1-1   Filed 03/07/22   Page 18 of 34

ELECTRONICALLY FILED
11/2/2022 10:48 AM
63-CV-2022-900076.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | |
|---|---|
| **ABBY HOLLOWAY,** | ) |
| **an individual,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CASE NO.:**_____ |
| | ) |
| **AEROTEK, INC., a corporation, et al,** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO AEROTEK, INC.

**COMES NOW** Plaintiff, ABBY HOLLWAY, and hereby serves the following Interrogatories to Defendant AEROTEK, INC., to be answered within the time allowed by law:

## DEFINITIONS

The following words, when used in these Interrogatories, unless otherwise indicated, shall mean:

A.    The terms "You" and "Your" refer to the Defendant, Aerotek, Inc., and to its present or former agents, attorneys, representatives and other persons who have acted or purported to act on its behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories and request for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

B.    The term "incident" refers to the motor vehicle incident that is the basis of Plaintiff's Complaint;

C.    "Communication" means any oral or written exchange of words, thoughts or ideas with another person(s), whether person-to-person, in a group, in a meeting, by telephone, letter, telefax, electronic mail, or otherwise, and including without limitation any printed, typed, handwritten or other readable document and any tape recording, correspondence, memorandum, report, contract, diary, log book, minutes, notes, study, survey and/or forecast.

D.    The "Document" or "Documents" shall have their customary broad meanings and shall include, without limitation, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped, photographic or graphic material, however produced or reproduced, whether sent or received, or neither, including but not limited to, all books, pamphlets, articles, newspapers, press releases,

magazines, booklets, circulars, handbooks, manuals, periodicals, letters, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited and un-audited financial statements, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications (including intra-corporate communications, and reports, notes, notations and memoranda of, or relating to, telephone conversations and conferences), minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, tests, projections, opinions or reports, statements, summaries, desk calendars, appointment books, telephone logs, telephone bills, surveys, indices, tapes, computer inputs or outputs, computer memory, computer disks, electronic mail, microfilm, magnetic tapes, photographs, installation guides and instruction material within your possession, custody or control. Different versions of the same documents, including but not limited to, drafts or documents with handwritten notations or marks not found in the original or other copies or different documents.

E.      "Person" means any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

F.      "Identify," when used in reference to a natural person, means to provide that person's name, last known home and business addresses, last known home and business telephone numbers, present employer and job title.

G.      "Identify," when used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the person's full name, address, telephone number, form of organization and a description of its business activities.

H.      "Identify," when used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custody of each copy of the document having notations unique to such copy.

I.      "Identify," when used in reference to an oral communication, means to state the date of the communication and the place or places where the communication occurred, and to identify each person who took part or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

J.      "Date" refers to the exact day, month, and year, if known, or, if not known, best approximation including, as appropriate to the situation, relationship to the offense.

K.      "Plaintiff" shall refer to Abby Holloway, and any present or former agents, attorneys, representatives and all other persons who have acted or purported to act on her behalf pursuant to contract or otherwise in any of the materials covered by

these interrogatories and requests for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

L.      ***PRIVILEGE LOG***: For each and every requested document that is claimed to be privileged: (i)  identify the document by date, author, addressor and addressee; (ii) identify the person who presently has custody, control or possession of the original and all copies thereof; (iii)  state specifically each and every ground on which the claim of privilege is based; (iv)  identify each person (by name, address, employer, job description or position at present) who received, or had access in the ordinary course of business to, the original and/or any copy of the document from the time the document was originated until the present.

## INTERROGATORIES

1.      Have you been named properly in Plaintiff's Complaint?  If not, please identify your proper designation and whether you are a common carrier, contract carrier, or private carrier.

2.      Are you owned by or a subsidiary of another company, entity or person?  If so, please identify the other company, entity or person.

3.      Identify by name and address the employee who was involved in a collision with Abby Holloway on November 17, 2021 in Tuscaloosa, Alabama.

4.      Identify the name, address and phone number of each person who has knowledge of the Subject Incident.

5.      Identify the name and address of every person from whom you, or anyone on your behalf, has obtained a statement, either oral or in writing, concerning the facts of the Subject Incident. (NOTE: this request does not seek the substance of each such communication and therefore does *not* call for privileged or otherwise protected information).

6.      Identify each person you expect to call as an expert witness at trial and for each

expert identified:

      a.      summarize each opinion the expert holds in regards to this case;

      b.      identify the factual basis for each such opinion;

      c.      identify all documents and evidence of any kind provided to the expert for review; and

      d.      identify all documents and evidence of any kind that support each opinion.

7.      Who was the owner of the vehicle involved in the Subject Incident that was being operated by your employee?  If you were not the owner of the vehicle, state whether same was

operated by your company under lease and provide the name, address, and telephone number of the lessor.

8.      Is the individual you identified in response to Interrogatory #3 your regular employee? If so, state the date that employment began and whether he is still in your employ.

9.      State whether you have retained an employment file in your company offices for the individual you identified in response to Interrogatory #3. If so, list each of the documents in that file.

10.      State whether you have knowledge of any traffic violations committed by the individual you identified in response to Interrogatory #3  either while in your employ or in prior employment. If so, state all information you have in that regard.

11.      State whether you have knowledge of any hours of service violations committed by the individual you identified in response to Interrogatory #3 either while in your employ or in prior employment. If so, state all information you have in that regard.

12.      State whether any disciplinary action was taken either by you or a company union against the individual you identified in response to Interrogatory #3 as a result of his driving on the date of the incident from which this lawsuit arose.  If not, state whether any was considered, and if the individual you identified in response to Interrogatory #3 actions and/or inactions were reviewed by any person(s), providing the details thereof.

13.      Please set forth a 10 year complete driving record of the individual you identified in response to Interrogatory #3 including a list of all incidents and violations and citations of state or federal laws or regulations, setting forth the date of each incident or citation, brief description of each incident and/or nature of each citation or violation, state of violation or citation, specifically to include a narrative summary of all of the information requested.

14.      Please set forth in detail the hiring requirements of this Defendant beginning three (3) years prior to the Subject Incident and up to present, including requirements relating to experience, training, prior incidents, prior violations, etc., together with each and every revision or modification to date, including the date of each such revision or modification and the substance of each such revision or modification.

15.      Were any investigative or other reports prepared, compiled, submitted, or made by you or on your behalf in the regular course of business or in preparation for litigation, as a result of the incident in question.

16.      Identify the date on which the individual you identified in response to Interrogatory #3  was hired, the identity of the person who hired him, the identity of his supervisor and the terms of any written or oral contract of employment or other contract between the individual you identified in response to Interrogatory #3  and this Defendant.

4

Respectfully Submitted,

s/ Sara L. Williams
Sara L. Williams (WIL363)
Attorney for Plaintiff

**OF COUNSEL**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:          (205) 983-8140
Facsimile:      (205) 983-8440
Email:          swilliams@asilpc.com

**DISCOVERY TO BE SERVED WITH COMPLAINT**

Aerotek, Inc.
c/o CSC
7 St. Paul Street, Ste. 820
Baltimore, MD 21202

Case 7:22-cv-00296-GMB   Document 1-1   Filed 03/07/22   Page 23 of 34

ELECTRONICALLY FILED
1/27/2022 10:48 AM
63-CV-2022-900076.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | |
|---|---|
| **ABBY HOLLOWAY,** | ) |
| **an individual,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CASE NO.:**_____ |
| | ) |
| **AEROTEK, INC., a corporation, et al,** | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO AEROTEK, INC.

**COMES NOW** Plaintiff, ABBY HOLLWAY, and hereby serves the following Interrogatories to Defendant AEROTEK, INC., to be answered within the time allowed by law:

### DEFINITIONS

The following words, when used in these Interrogatories, unless otherwise indicated, shall mean:

A.　　The terms "You" and "Your" refer to the Defendant, Aerotek, Inc., and to its present or former agents, attorneys, representatives and other persons who have acted or purported to act on its behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories and request for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

B.　　The term "incident" refers to the motor vehicle incident that is the basis of Plaintiff's Complaint;

C.　　"Communication" means any oral or written exchange of words, thoughts or ideas with another person(s), whether person-to-person, in a group, in a meeting, by telephone, letter, telefax, electronic mail, or otherwise, and including without limitation any printed, typed, handwritten or other readable document and any tape recording, correspondence, memorandum, report, contract, diary, log book, minutes, notes, study, survey and/or forecast.

D.　　The "Document" or "Documents" shall have their customary broad meanings and shall include, without limitation, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped, photographic or graphic material, however produced or reproduced, whether sent or received, or neither, including but not limited to, all books, pamphlets, articles, newspapers, press releases,

magazines, booklets, circulars, handbooks, manuals, periodicals, letters, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited and un-audited financial statements, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications (including intra-corporate communications, and reports, notes, notations and memoranda of, or relating to, telephone conversations and conferences), minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, tests, projections, opinions or reports, statements, summaries, desk calendars, appointment books, telephone logs, telephone bills, surveys, indices, tapes, computer inputs or outputs, computer memory, computer disks, electronic mail, microfilm, magnetic tapes, photographs, installation guides and instruction material within your possession, custody or control. Different versions of the same documents, including but not limited to, drafts or documents with handwritten notations or marks not found in the original or other copies or different documents.

E.     "Person" means any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

F.     "Identify," when used in reference to a natural person, means to provide that person's name, last known home and business addresses, last known home and business telephone numbers, present employer and job title.

G.     "Identify," when used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the person's full name, address, telephone number, form of organization and a description of its business activities.

H.     "Identify," when used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custody of each copy of the document having notations unique to such copy.

I.     "Identify," when used in reference to an oral communication, means to state the date of the communication and the place or places where the communication occurred, and to identify each person who took part or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

J.     "Date" refers to the exact day, month, and year, if known, or, if not known, best approximation including, as appropriate to the situation, relationship to the offense.

K.     "Plaintiff" shall refer to Abby Holloway, and any present or former agents, attorneys, representatives and all other persons who have acted or purported to act on her behalf pursuant to contract or otherwise in any of the materials covered by

these interrogatories and requests for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

L.   ***PRIVILEGE LOG***: For each and every requested document that is claimed to be privileged: (i)  identify the document by date, author, addressor and addressee; (ii) identify the person who presently has custody, control or possession of the original and all copies thereof; (iii)  state specifically each and every ground on which the claim of privilege is based; (iv)  identify each person (by name, address, employer, job description or position at present) who received, or had access in the ordinary course of business to, the original and/or any copy of the document from the time the document was originated until the present.

## INTERROGATORIES

1.   Have you been named properly in Plaintiff's Complaint?  If not, please identify your proper designation and whether you are a common carrier, contract carrier, or private carrier.

2.   Are you owned by or a subsidiary of another company, entity or person?  If so, please identify the other company, entity or person.

3.   Identify by name and address the employee who was involved in a collision with Abby Holloway on November 17, 2021 in Tuscaloosa, Alabama.

4.   Identify the name, address and phone number of each person who has knowledge of the Subject Incident.

5.   Identify the name and address of every person from whom you, or anyone on your behalf, has obtained a statement, either oral or in writing, concerning the facts of the Subject Incident. (NOTE: this request does not seek the substance of each such communication and therefore does *not* call for privileged or otherwise protected information).

6.   Identify each person you expect to call as an expert witness at trial and for each

expert identified:

      a.   summarize each opinion the expert holds in regards to this case;

      b.   identify the factual basis for each such opinion;

      c.   identify all documents and evidence of any kind provided to the expert for review; and

      d.   identify all documents and evidence of any kind that support each opinion.

7.   Who was the owner of the vehicle involved in the Subject Incident that was being operated by your employee?  If you were not the owner of the vehicle, state whether same was

operated by your company under lease and provide the name, address, and telephone number of the lessor.

8.      Is the individual you identified in response to Interrogatory #3 your regular employee? If so, state the date that employment began and whether he is still in your employ.

9.      State whether you have retained an employment file in your company offices for the individual you identified in response to Interrogatory #3. If so, list each of the documents in that file.

10.     State whether you have knowledge of any traffic violations committed by the individual you identified in response to Interrogatory #3  either while in your employ or in prior employment. If so, state all information you have in that regard.

11.     State whether you have knowledge of any hours of service violations committed by the individual you identified in response to Interrogatory #3 either while in your employ or in prior employment. If so, state all information you have in that regard.

12.     State whether any disciplinary action was taken either by you or a company union against the individual you identified in response to Interrogatory #3 as a result of his driving on the date of the incident from which this lawsuit arose.  If not, state whether any was considered, and if the individual you identified in response to Interrogatory #3 actions and/or inactions were reviewed by any person(s), providing the details thereof.

13.     Please set forth a 10 year complete driving record of the individual you identified in response to Interrogatory #3 including a list of all incidents and violations and citations of state or federal laws or regulations, setting forth the date of each incident or citation, brief description of each incident and/or nature of each citation or violation, state of violation or citation, specifically to include a narrative summary of all of the information requested.

14.     Please set forth in detail the hiring requirements of this Defendant beginning three (3) years prior to the Subject Incident and up to present, including requirements relating to experience, training, prior incidents, prior violations, etc., together with each and every revision or modification to date, including the date of each such revision or modification and the substance of each such revision or modification.

15.     Were any investigative or other reports prepared, compiled, submitted, or made by you or on your behalf in the regular course of business or in preparation for litigation, as a result of the incident in question.

16.     Identify the date on which the individual you identified in response to Interrogatory #3  was hired, the identity of the person who hired him, the identity of his supervisor and the terms of any written or oral contract of employment or other contract between the individual you identified in response to Interrogatory #3  and this Defendant.

Respectfully Submitted,

s/ Sara L. Williams
Sara L. Williams (WIL363)
Attorney for Plaintiff

**OF COUNSEL**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:          (205) 983-8140
Facsimile:     (205) 983-8440
Email:          swilliams@asilpc.com

**DISCOVERY TO BE SERVED WITH COMPLAINT**

Aerotek, Inc.
c/o CSC
7 St. Paul Street, Ste. 820
Baltimore, MD 21202



AlaFile E-Notice

63-CV-2022-900076.00

To: SARA LEIGH WILLIAMS
swilliams@asilpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

ABBY HOLLOWAY V. AEROTEK, INC.
63-CV-2022-900076.00

The following complaint was FILED on 1/27/2022 10:48:58 AM

Notice Date:    1/27/2022 10:48:58 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2022-900076.00

To:   AEROTEK, INC.
      C/O CSC
      7 ST. PAUL ST., STE 820
      BALTIMORE, MD, 21202

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

ABBY HOLLOWAY V. AEROTEK, INC.
63-CV-2022-900076.00

The following complaint was FILED on 1/27/2022 10:48:58 AM

Notice Date:     1/27/2022 10:48:58 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2022-900076.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### ABBY HOLLOWAY V. AEROTEK, INC.

**NOTICE TO:** AEROTEK, INC., C/O CSC 7 ST. PAUL ST., STE 820, BALTIMORE, MD 21202

(Name and Address of Defendant)

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), SARA LEIGH WILLIAMS                                                                  ,

[Name(s) of Attorney(s)]

WHOSE ADDRESS(ES) IS/ARE: 3626 Clairmont Avenue, BIRMINGHAM, AL 35222                       .

[Address(es) of Plaintiff(s) or Attorney(s)]

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of  ABBY HOLLOWAY

[Name(s)]

pursuant to the Alabama Rules of the Civil Procedure.

| 01/27/2022 | /s/ MAGARIA HAMNER BOBO | By: |
|---|---|---|
| (Date) | (Signature of Clerk) | (Name) |

☑ Certified Mail is hereby requested.          /s/ SARA LEIGH WILLIAMS

(Plaintiff's/Attorney's Signature)

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

(Date)

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

(Name of Person Served)                              (Name of County)

Alabama on _____ .

(Date)

_____          _____          _____

(Type of Process Server)          (Server's Signature)          (Address of Server)

_____          _____

(Server's Printed Name)          (Phone Number of Server)

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>**63-CV-2022-900076.00** |
|---|---|---|

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### ABBY HOLLOWAY V. AEROTEK, INC.

**NOTICE TO:** AEROTEK, INC., C/O CSC 7 ST. PAUL ST., STE 820, BALTIMORE, MD 21202

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), SARA LEIGH WILLIAMS

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3626 Clairmont Avenue, BIRMINGHAM, AL 35222

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ABBY HOLLOWAY
pursuant to the Alabama Rules of the Civil Procedure.                                                *[Name(s)]*

| 01/27/2022 | /s/ MAGARIA HAMNER BOBO | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ SARA LEIGH WILLIAMS
                                                *(Plai...*

### RETURN C...

☐ Return receipt of certified mail received in this office o...

☐ I certify that I personally delivered a copy of this Sumr...

_____ in ...
*(Name of Person Served)*

Alabama on _____
*(Date)*

_____   _____
*(Type of Process Server)*   *(Server's Signature)*

_____
*(Server's Printed Nar...*

**63-CV-202...**
ABBY HOLLOWAY

C001 - ABBY HOLLOWAY          v...
*(Plaintiff)*

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| Certified Mail Fee | | |
|---|---|---|
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ | |
| ☐ Return Receipt (electronic) | $ | Postmark |
| ☐ Certified Mail Restricted Delivery | $ | Here |
| ☐ Adult Signature Required | $ | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | | |
| $ | $8.56 | |
| Total Postage and Fees | | |
| $ | | |

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

D001 - AEROTEK, INC.
*(Defendant)*

**SERVICE RETURN COPY**

03-cv-2022-900076.00

**SUM**



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Aerotek, INC.
c/o CSC
7 St Paul Street, Ste. 820
Baltimore MD 21202

9590 9402 6140 0209 0116 37

2. Article Number (Transfer from service label)

7020 1290 0002 1702 1318

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

2022 FEB 22

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

United States
Postal Service

USPS TRACKING #

9590 9402 6140 0209 0316 37

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

AGARIA H. BOBO

714 GREENSBORO AVE., RM. 214

TUSCALOOSA 35401



AlaFile E-Notice

63-CV-2022-900076.00

Judge: M. BRADLEY ALMOND

To:   WILLIAMS SARA LEIGH
swilliams@asilpc.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

ABBY HOLLOWAY V. AEROTEK, INC.
63-CV-2022-900076.00

The following matter was served on 2/14/2022

D001 AEROTEK, INC.
Corresponding To
CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov